# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JACQUELYN NEWELL, CHIQUITA COVINGTON, ANDREA M. WHITE, and HEATHER J. ROBINSON,** individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, <br><br> **Plaintiffs,** <br><br> v. <br><br> **IDK, INC. d/b/a Club Babes, a corporation; and ERIC M. PECHTER, an individual,** <br><br> **Defendants.** | <br><br><br><br><br><br><br><br><br> **Civil Action No.** <br><br><br><br><br><br> Jury Trial Demanded |

## COMPLAINT

NOW COME Plaintiffs Jacquelyn Newell, Chiquita Covington, Andrea M. White, and Heather J. Robinson, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through her attorneys, against IDK, Inc. d/b/a Club Babes (hereinafter "IDK") and Eric Pechter (collectively the "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.

Minimum wage and overtime laws mark the boundary between a humane society and its Industrial Era precursor of child labor, company scrip and eighteen hour work days. In recognition of this distinction, the United States Congress has enacted and enforced wage and hour laws. This collective action arises from an ongoing wrongful scheme by Defendants to turn back the clock by denying their employees any wage at all. Defendants' scheme is so far removed from the modern era that it involves requiring its employees to work without any wage at all. Indeed, it involves the Defendants requiring their employees to pay for the privilege of working, a practice unheard of in modern times.

2.

Plaintiffs Jacquelyn Newell, Chiquita Covington, Andrea M. White, and Heather J. Robinson, on behalf of themselves and all other employees similarly situated, hereby allege that Defendants have maintained a pattern and practice of not paying employees wages, not paying for overtime wages, failing to provide proper time for required lunch and rest breaks and otherwise failing to provide statutorily mandated wages and compensation. These violations were, and are, so egregious that Defendants go so far as to require each and every similarly situated employee to pay out of pocket costs prior to receiving any compensation. These

employees include, but are not limited to each and every employee categorized as a "dancer" or "entertainer" at Defendants' adult nightclub, Club Babes.

3.

This is brought as a collective action under the Fair Labor Standards Act ("FLSA") 29. U.S.C. §§ 201, 207, and 216(b) to recover unpaid wages, unpaid overtime wages and other wages for which Plaintiffs were not paid in violation of the laws of the United States.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, et seq., commonly known as the FLSA. Plaintiffs do not assert any cause of action that is subject to any collective bargaining agreement.

5.

This court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts. Additionally, Defendant IDK is a business incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

6.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, *inter alia*, all Defendants reside within the State of Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

7.

Plaintiff Jacquelyn Newell is an individual residing in Atlanta, DeKalb County, Georgia. Newell is a current employee of Defendants. Newell has worked as a dancer for Defendants from approximately October 2010 until the present, excluding February 2012 through June 2012. Defendants never paid her any wage of any kind. In fact, Newell, and all other individuals similarly situated, were required to pay to work for Defendants. Plaintiff Newell has given her consent to join this lawsuit in writing.

8.

Plaintiff Chiquita Covington is an individual residing in Riverdale, Clayton County, Georgia. Covington is a current employee of Defendants. Covington has worked as a dancer for Defendants from approximately 2009 to the present, with the exception of May through July 2012 and October 2012 through June 2013. Plaintiff Covington has given her consent to join this lawsuit in writing.

9.

Plaintiff Andrea M. White is an individual residing in Decatur, DeKalb County, Georgia. White is a current employee of Defendants. White has worked as a dancer for Defendants from February 22, 2012 to the present. Plaintiff White has given her consent to join this lawsuit in writing.

10.

Plaintiff Heather J. Robinson is an individual residing in Decature, DeKalb County, Georgia. Robinson is a current employee of Defendants. Robinson has worked as a dancer for Defendants from July 2011 until the present. Plaintiff Robinson has given her consent to join this lawsuit in writing.

11.

Defendant IDK, Inc. is a Georgia corporation; Defendant Eric M. Pechter is its CEO, CFO, and Secretary. Defendants have acted together in a conspiracy to carry out their illegal enterprise since at least 1989. Defendant IDK can be served through its registered agent, Gordon M. Berger, at 5855 Sandy Springs Circle, Suite 300, Atlanta, Georgia 30328. Defendant Pechter can be served at his residence, at 4264 Cabretta Drive, Smyrna, Georgia 30080.

## **FACTUAL ALLEGATIONS**

12.

Defendants own and operate a successful and long-lived strip club. The business of Defendants is to provide nude dancers and other entertainment to customers of the club. Defendants have at relevant all times done business in the State of Georgia.

13.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Specifically, Defendants are an enterprise engaging in commerce and have sales or do business transaction in excess of $500,000 a year. Furthermore, Plaintiffs' "entertainer" or "dancer" jobs are not positions involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

14.

Defendants have at all times relevant falsely classified the "dancers" or "entertainers" (hereinafter "Dancers") employed in the club as independent contractors. This false classification has been occurring for at least the past three years (the "Collective Period").

15.

Despite the fact that the Defendants have classified the Dancers as independent contractors, Defendants have exercised at least the following controls over all the Dancers:

(1) Prior to an unknown date in 2012, Defendants set the number of hours and shifts that all Dancers at Club Babes ("Babes") were required to work, and enforced this requirement with fines that must be paid for continued employment if dancers did not work the required number of days;

(2) Defendants have authority to approve or reject the names that the Dancers can work under while employed at Babes;

(3) Defendants have the power and authority to approve or reject costumes and makeup worn by Dancers at Babes;

(4) Defendants require Dancers to attend staff meetings, without payment, and enforce this requirement with threats of suspension or fines for failure to attend;

(5) Defendants have sole control over whether Dancers can entertain clients in the club's V.I.P. rooms, the base rates (i.e., $20.00) that the Dancers must charge V.I.P. clients, and the distribution of monies from V.I.P room sales;

(6) Defendants require Dancers to take and pass a "breathalyzer test" before they are allowed to leave the premises.

16.

In addition to the above listed controls, Defendants require the following "kickback fees" and fines to be paid by Plaintiffs, and all similarly situated employee–dancers:

(1) All Dancers are required to pay a per-shift "bar fee" to Defendants, which has varies from $16.00 to $56.00 per shift, depending on the time the dancer arrives;

(2) Dancers have been required to pay the DJ or "house mom" $10.00 per shift worked;

(3) Defendants require that dancers pay an early-leave fine of $25.00 for leaving their shift early;

(4) Defendants require that dancers pay a fine of $10.00 to $25.00 for missing a scheduled rotation on the stage;

(5) Defendants require that dancers pay a fine of $25.00 or greater for violating various club rules and policies;

(6) Defendants require that dancers pay the DJ additional fees to the DJ if they are observed by the DJ making what he believes to be a large amount of money on stage.

17.

In addition to the illegal kickback described above, Defendants have recklessly and maliciously failed to pay Plaintiffs and other similarly situated employees any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

18.

Plaintiffs hereby incorporate Paragraphs 1–17 of this Complaint as if fully restated herein.

19.

At all times relevant herein, Plaintiffs and all similarly situated employees performed work for which the minimum wage should have been paid by Defendants, but have been paid no wages of any kind by Defendants in violation of the FLSA provisions requiring the payment of minimum wage.

20.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiffs and all similarly situated employees.

21.

At all relevant time, the unlawful conduct against Plaintiffs and all similarly situated employees, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of their employees. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of IDK, Inc. and Eric M. Pechter, as well as their managerial employees.

22.

These actions were compounded by Defendants' failure to provide notice to their employee Dancers that they intended to utilize the tip-credit provisions of the FLSA and Defendants' requirement that said Dancers surrender large portions of their tips to Defendants for the personal enrichment of Defendants.

23.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein have been enforced against at least 200 Dancers employed by Defendants. Each and every one of these employees has been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations constitute a

willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

24.

Plaintiffs have consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Upon issuance of proper notice by this Court, there is a substantial likelihood that other similarly situated employees will join this action as plaintiffs.

25.

Defendants' wrongful and illegal conduct has deprived Plaintiffs, and all similarly situated employee–dancers, of the minimum wage to which they are statutorily entitled in an amount to be determined. Additionally, Plaintiffs, and all similarly situated employees, are entitled to their attorney's fees, expenses and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

26.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-25, as if specifically set forth herein.

27.

Pursuant to 29 U.S.C. § 207, Plaintiffs, and all similarly situated employees, are entitled to be compensated at one and one half times their regular wage for each and every hour worked over forty hours in any given workweek.

28.

The overtime provisions of the FLSA apply to Plaintiffs and all similarly situated employees.

29.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiffs, and any and all similarly situated employees, any wage whatsoever.

30.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Plaintiffs, or to any and all similarly situated employees, much less required overtime wages. Defendants are liable to Plaintiffs, and any and all similarly situated employees, for their respective unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

## COUNT III
## COLLECTIVE ACTION ALLEGATIONS
## PURSUANT TO 29 U.S.C. §216(B)

31.

Plaintiffs hereby incorporate Paragraphs 1–30 this Complaint as if fully restated herein.

32.

Defendants have intentionally and repeatedly violated 29 U.S.C. §§ 206 and 207 by failing to pay required minimum and overtime wages to Plaintiffs, and any and all similarly situated employees. Defendants have engaged in these behaviors for their own benefit and in an attempt to deprive Plaintiffs, and any and all similarly situated employees, of their lawful wages.

33.

Defendants are liable pursuant to 29 U.S.C. § 201 et seq., to Plaintiffs, and to all similarly situated employees, for unpaid minimum and overtimes wages, interest, attorney's fees and costs and other such equitable and legal relief that this Court finds proper.

34.

There are at least 200 similarly-situated current and former employee–Dancers who have been misclassified by Defendants in the past three years and have worked without being paid minimum or overtime wages in violation of 29

U.S.C. §201, et seq. These Dancers would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to join pursuant to 29 U.S.C. § 216(b). These similarly situated employees are known to Defendants, are readily identifiable and can be located through the records of Defendants and various local governmental entities.

WHEREFORE, Plaintiffs pray that this Court:

(a) Enjoin Defendants from continuing to violate 29 U.S.C. §201, et seq., and from withholding payment of minimum and overtime wages from Plaintiffs, and any and all similarly situated employees, pursuant to this Court's authority provided for in 29 U.S.C. § 217;

(b) Find that Defendants have willfully violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiffs, and any and all similarly situated employees, minimum and overtime wages;

(c) Issue a judgment against Defendants for all unpaid wages, illegal kickback payments, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(d) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(e) Issue a Notice of the Present Action to all persons who are presently, or have been at any time during the three years immediately preceding

this suit, up through an including the date of this Court's issuance of Court-Supervised Notice, employed by the Defendants as Dancers as described above;

(f) That each such person shall be informed of this civil action, the nature of the action, and of their right to join this lawsuit if they have worked for Defendants and have not been paid minimum or overtime wages and have been forced to pay illegal kickbacks to Defendants. Additionally, the Notice shall inform all current and past employees that **Defendants are not allowed to retaliate** against them for participating in this action;

(g) For such other and further relief as is just and equitable.

Plaintiffs hereby demand a TRIAL BY JURY.

Respectfully submitted this 26th day of January 2014.

SMITH COLLINS, LLC                    /s/ W. Anthony Collins, Jr.
8565 Dunwoody Place                   W. Anthony Collins, Jr.
Building 15, Suite B                  Georgia Bar No. 141712
Atlanta, GA 30350
(770) 378-1408
wicollin@hotmail.com

*Attorneys for Plaintiffs*

15